STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MARJA-LIISA OVERBECK (CABN 261707)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6809
    FAX: (415) 436-7234
    mari.overbeck@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 20-329 JD |
|     Plaintiff, | **STIPULATION AND ORDER REQUESTING STATUS CONFERENCE AND EXCLUDING TIME FROM THE SPEEDY TRIAL ACT CALCULATION** |
|     v. | |
| JAZZ SVARDA, ERIC HILL, | |
|     Defendants. | |

        A grand jury indicted Defendants Eric Hill and Jazz Svarda on August 25, 2020. (ECF No. 26.) On September 10, 2020, both defendants were arraigned. (ECF No. 30.) On September 11, 2020, the Honorable Virginia K. DeMarchi entered orders excluding time under the Speedy Trial Act from September 10, 2020 through October 14, 2020. (ECF Nos. 34, 35.) On October 14, 2020, the parties participated in an initial status conference before this Court. (ECF No. 38.) At that time, the matter was set for another status conference on December 9, 2020, and for the reasons stated on the record, time was excluded under the Speedy Trial Act from October 14, 2020 through December 9, 2020. (*Id.*) On December 9, 2020, the parties participated in a status conference and the matter was scheduled for a trial-setting conference on January 27, 2021. (ECF No. 42.) In the interim, counsel for the defendants

1  continued to review discovery produced by the government on July 1, 2020; October 28, 2020; and

2  November 19, 2020.  The parties agree that the time between December 9, 2020 and January 27, 2021 is

3  appropriately excluded from the Speedy Trial Act to allow the defendants and their counsel time to

4  review and discuss the discovery, respectively, and thus, for the effective preparation of counsel taking

5  into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

6          On January 26, 2021, the parties filed a stipulation and proposed order to continue the trial-

7  setting conference and to set a briefing schedule on the defendants' motions to suppress.  (ECF No. 45.)

8  That stipulation and proposed order, which was signed by the Court, excluded time under the Speedy

9  Trial Act from January 27, 2021, through April 14, 2021.  (*Id.*)  After receiving briefing from the parties,

10 this Court held a hearing on the motions to suppress on April 14, 2021.  (ECF No. 57.)  On May 10,

11 2021, the government notified the Court and all parties that a federal search warrant had been authorized

12 relating to Defendant Eric Hill's cell phone.  (ECF No. 62.)  On May 20, 2021, the Court ordered

13 supplemental, simultaneous briefing.  (ECF No. 65.)  The parties submitted their briefs to the Court on

14 June 7, 2021.  (ECF Nos. 66, 67.)  On June 14, 2021, the Court ordered additional information from the

15 government.  (ECF No. 70.)  The government submitted an additional statement to the Court on June 21,

16 2021.  (ECF No. 71.)  On June 23, 2021, the Court entered an order denying Defendant Eric Hill's

17 motion to suppress.  (ECF No. 72.)  That same day, the parties jointly filed a motion for reconsideration

18 (ECF No. 74), which is now pending before the Court.  The government also has made additional

19 discovery productions to both defendants, including on March 8, 2021; March 16, 2021; and June 29,

20 2021, and anticipates making an additional production within the next two weeks.

21         The Speedy Trial Act provides that a defendant shall be tried within seventy days from the filing

22 date of the indictment, or from the date the defendant has appeared before a judicial officer of the court

23 in which such charge is pending, whichever date last occurs, unless time is otherwise excludable.  *See* 18

24 U.S.C. § 3161(c)(1), (h).  Time is automatically excluded for "[a]ny period of delay resulting from other

25 proceedings concerning the defendant, including but not limited to . . . delay resulting from any pretrial

26 motion, from the filing of the motion through the conclusion of the hearing on, or other prompt

27 disposition of, such motion."  18 U.S.C. § 3161(h)(1)(D).  In *Henderson v. United States*, 476 U.S. 321,

28

329-30 (1986), the Supreme Court held that § 3161(h)(1)(D) excludes time in one of the two disjunctive situations: first, "the entire period between the filing of the motion and the conclusion of the hearing," or, second, where a motion is simple enough that it requires no hearing, through "prompt disposition" of that motion.

Once a hearing is concluded, any further exclusion of time is governed by 18 U.S.C. § 3161(h)(1)(H), which provides that delay is excludable where "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." The Ninth Circuit has held that post-hearing exclusions under this section may not exceed thirty days. *See United States v. Medina*, 524 F.3d 974, 979 (9th Cir. 2008) *(*explaining that "no more than 30 days" is automatically excludable once a hearing is concluded and the district court has received all submissions from the parties necessary to decide a motion); *United States v. Sutter*, 340 F.3d 1022, 1030-1031 (9th Cir. 2003) ("Once the hearing is concluded, and the district court has received all the submissions, then § [3161(h)(1)(H)] comes into play and excludes a maximum of 30 days from the day the motion is actually under advisement.") (internal quotation marks omitted).

Here, for the above stated reasons, the parties stipulate and agree that time was automatically excluded under § 3161(h)(1)(D) from the date of defendants' motions to suppress were filed through April 14, 2021, and then for an additional thirty days while the motions were under submission, through May 14, 2021. On May 20, 2021, due to the Court's request for supplemental briefing, the parties believe that time was again excluded under § 3161(h)(1)(H) through June 23, 2021 (when the Court issued its order), and that time currently is excluded under § 3161(h)(1)(H) due to the pending motion for reconsideration, as well as under § 3161(h)(7)(B)(iv), for effective preparation of counsel, due to the government's discovery production on June 29, 2021.

Additionally, the government and counsel for the defendants request that the matter be set for a status conference on Monday, August 30, 2021, or as soon thereafter as the parties may be heard, and stipulate and agree that time be excluded under the Speedy Trial Act from June 29, 2021 through the next status conference setting so that defense counsel may continue to prepare, including by reviewing the discovery that has been produced and that shortly will be produced. For this reason, the parties

1  stipulate and agree that excluding time from June 29, 2021 (the date of the government's last

2  production) until August 30, 2021 or the next status conference date, whichever is later, will allow for

3  the effective preparation of counsel.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  The parties further stipulate

4  and agree that the ends of justice served by excluding the time through August 30, 2021 or the next

5  status conference date from computation under the Speedy Trial Act outweigh the best interests of the

6  public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

7          The undersigned Assistant United States Attorney certifies that she has obtained approval from

8  counsel for the defendant to file this stipulation and proposed order.

9          IT IS SO STIPULATED.

10  DATED: July 20, 2021                          /s/ *Marja-Liisa Overbeck*
                                                  MARJA-LIISA OVERBECK
11                                                Assistant United States Attorney

12
    DATED: July 20, 2021                          /s/ *Angela Chuang*
13                                                ANGELA CHUANG
                                                  Counsel for Defendant Eric Hill
14

15  DATED: July 20, 2021                          /s/ *George Boisseau*
                                                  GEORGE BOISSEAU
16                                                Counsel for Defendant Jazz Svarda

17

18                                             **ORDER**

19

20          Based upon the facts set forth in the stipulation of the parties and for good cause shown, the

21  Court hereby GRANTS the parties' request for a status conference on August 30, 2021 at 10:30 a.m. and

22  further finds that failing to exclude the time from June 29, 2021, the date of the government's last

23  discovery production, through August 30, 2021 would unreasonably deny defense counsel and the

24  defendants the reasonable time necessary for effective preparation, taking into account the exercise of

25  due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The Court further finds that the ends of justice served by

26  excluding the time from June 29, 2021 through August 30, 2021 from computation under the Speedy

27  Trial Act outweigh the best interests of the public and the defendants in a speedy trial.  Therefore, and

28

STIP. AND PROPOSED ORDER
20-CR-329-JD

1   with the consent of the parties, IT IS HEREBY ORDERED that the time from June 29, 2021 through

2   August 30, 2021 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §

3   3161(h)(7)(A), (B)(iv).

4        IT IS SO ORDERED.

5

6   DATED:  July 23, 2021

7                                   HON. JAMES DONATO
                                       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIP. AND PROPOSED ORDER
20-CR-329-JD