UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC HILL, JAZZ SVARDA,<br><br>Defendants. | Case No. 3:20-cr-00329-JD<br><br>**PRETRIAL ORDER** |

As discussed at the pretrial conference on December 22, 2022, a jury trial is set for January 10, 2023, at 9:00 a.m., and will be conducted under these procedures and orders.

**I.     TRIAL SCHEDULE**

1. Trial will be held from 9:00 a.m. to 2:00 p.m. each trial day, with two 15-minute breaks. Trial may continue after 2:00 p.m. to finish a witness's testimony.
2. Because trial is starting on a Tuesday, trial days for the first week will be Tuesday through Friday.

**II.    VOIR DIRE & JURY SELECTION**

1. The Courtroom Deputy will distribute the written questionnaire responses to counsel by email on January 4, 2023. The responses will be discussed by Zoom webinar on January 5, 2023, at 11:00 a.m. The Courtroom Deputy will provide counsel with a link.
2. The Court will seat fourteen jurors using the "strike and replace" method. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged. The Court will conduct the voir dire based on its own questions and the questions proposed by the parties. The parties may be permitted to conduct some follow-up voir dire, if circumstances warrant. The Court

will post the proposed voir dire questions by January 4, 2023.  The parties may raise any objections or concerns on January 10, 2023, at the start of jury selection.

3. The parties should be prepared to give their opening statements and begin presenting witnesses on January 10, 2023.

## III. OTHER TRIAL PROCEDURES

1. **Sidebars**.  There will be no sidebars during trial.  The parties should not ask for one.  Any issues that need to be discussed outside the presence of the jury may be raised before the start of the trial day or when the jury is on a break.

2. **Objections**.  Counsel must stand to state any objections, and should do so by simply stating the rule that forms the basis of the objection.  No arguments or elaborations should be made unless called for by the Court.

3. **Having witnesses ready**.  Each party must have its witnesses for the trial day available in the courthouse and ready to testify.  Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

4. **Disclosure of witnesses**.  The government will disclose its trial witnesses by 5 p.m. two calendar days before calling the witness to the stand (*e.g.*, by Monday at 5 p.m. for testimony on Wednesday).  An objection by a defendant must be filed no later than 5 p.m. on the day before the witness is to be called.  The Court will take up the objection outside the presence of the jury.

5. **Motions during trial**.  No motions may be filed during trial without the Court's prior approval.  Unauthorized motions will be summarily stricken.

6. **COVID-19 protocols**.  Ms. Paulson (for the government) and Ms. Chuang (for the defendants) will be responsible for ensuring that their witnesses and every person on their respective trial teams are fully vaccinated for COVID-19 and asymptomatic, and if not, fully masked at all times for the duration of trial.  Witnesses will not wear masks while testifying to aid the jury's comprehension and observation.  If an anticipated witness is not fully vaccinated, the party calling the witness must promptly notify the Court so that courtroom adjustments can be made.

7. **Jury seating arrangement**. The jury will be seated in a staggered manner to promote social distancing, with some jurors seated in the first rows of the gallery. All parties and counsel, especially on the government side, must ensure that no screens, documents or other case materials are visible to any jurors who are seated nearby.

8. **Jury notebooks**. The parties will jointly prepare jury notebooks and bring 18 copies on the first day of trial. The notebooks should be in the form of 1" 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number), and must include these materials:

   i. 50 pages of blank lined paper.

   ii. Blank tabs for the jury instructions the Court will distribute.

### IV. MOTIONS IN LIMINE

1. **Government's MIL No. 1 re punishment or conviction; jury sympathy or nullification**: **GRANTED IN PRINCIPLE**. Defendants will not make overt pleas for sympathy, but they are not precluded from mentioning the seriousness of the case.

2. **Government's MIL No. 2 re opening statements; references to facts not reasonably anticipated to be supported by evidence at trial**: **DENIED**. Both sides are entitled to use their closing arguments to point out that facts discussed in the opposing party's opening statement were not supported by evidence adduced at trial.

3. **Government's MIL No. 3 re defense evidence not produced in discovery**: **GRANTED IN PRINCIPLE**. For both sides, failure to comply with discovery obligations may result in exclusion of the undisclosed evidence. Fed. R. Crim. P. 16. The government's request that defendants "be required to make a pretrial production of the statements of any witness [they intend] to present," Dkt. No. 150 at 6, is denied. Fed. R. Crim. P. 26.2.

4. **Government's MIL No. 4 re excluding witnesses except the case agents and defendants from the courtroom**: **GRANTED**. As a general matter, witnesses are excluded so that they cannot hear other witnesses' testimony. Fed. R. Evid. 615. The government is permitted to have either DEA Special Agent Anthony Guzman or SFPD

1   Lieutenant Carla Hurley present during trial as its case agent, but not both.  Fed. R.
2   Evid. 615(b).  The government's request to exclude Hill's investigator, Michael
3   Portman, is denied, and he may be present throughout the trial.  Fed. R. Evid. 615(c).

5. **Government's MIL No. 5 re defense proffer for a *Henthorn* inquiry**:  **DENIED**. The government acknowledged at the pretrial conference that it has not produced all *Henthorn* and *Giglio* materials for testifying law-enforcement officers to the defense. The government must produce any such materials so that the defense has an adequate opportunity to review them -- and at least several court days before trial -- or the officer will not be permitted to testify.

6. **Government's MIL No. 6 re use of Svarda's prior convictions**:  **DENIED**.  The prior convictions are irrelevant and old, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues.  Fed. R. Evid. 402, 403.

7. **Government's MIL No. 7 re defendants' post-arrest Mirandized interviews**:  **GRANTED IN PART**.  In principle, the statements may be offered against the defendant who made the statements.  By January 3, 2023, at 12:00 p.m., the government must identify the exact portions of any interviews that it intends to use at trial. Defendants may then identify other portions of the interviews that they believe should be introduced under the rule of completeness.  Fed. R. Evid. 106.  Hill's statements denying his knowledge of Svarda are not facially incriminating, and consequently there is no *Bruton* issue with respect to those statements.  *See United States v. Mikhel*, 889 F.3d 1003, 1044 (9th Cir. 2018).

8. **Government's MIL No. 8 re defendants' out-of-court statements**:  **GRANTED IN PART**.  In principle, the government may offer a defendant's out-of-court statements against that defendant.  Fed. R. Evid. 801(d)(2).  The government may not introduce text messages from Hill's cell phone in which Hill is said to be engaged in drug sales after the robbery, nor may it introduce the music video from Svarda's cell phone.  Fed. R. Evid. 402, 403.

9. **Government's MIL No. 9 re DEA Special Agent Anthony Guzman's testimony**: **DEFERRED TO TRIAL**. The admissibility of Guzman's opinion testimony will require a foundation and qualification as an expert witness. The current record does not permit the Court to assess Guzman's qualifications, or whether the proposed opinion testimony would be relevant and reliable. Fed. R. Evid. 702.

10. **Government's MIL No. 10 re defendants' negative inference from the absence of evidence or testing**: **DENIED**.

11. **Government's MIL No. 11 re affirmative defenses**: **DENIED**, except for any defenses that have not been noticed pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, or 12.3.

12. **Hill's MIL No. 1 re to exclusion of government witnesses under Fed. R. Evid. 615**: **GRANTED**, except with respect to the government's case agent. See discussion of government's MIL No. 4 above.

13. **Hill's MIL No. 2 re more than one government representative**: **GRANTED**. See discussion of government's MIL No. 4 above.

14. **Hill's MIL No. 3 re defense investigator's presence during trial**: **GRANTED**. See discussion of government's MIL No. 4 above.

15. **Hill's MIL No. 4 re designating government witnesses as under defense subpoena unless released**: **DENIED**. Hill must issue his own trial subpoenas.

16. **Hill's MIL No. 5 re indictment in the jury room**: **GRANTED**. The indictment is not evidence. *See United States v. Wiggan*, 700 F.3d 1204, 1215 (9th Cir. 2012).

17. **Hill's MIL No. 6 re exclusion of the term "victim"**: **DENIED**. "Victim" will not unduly prejudice the defendants.

18. **Hill's MIL No. 7 re Hill's possession of a legally registered firearm**: **GRANTED**.

19. **Hill's MIL No. 8 re government witnesses speculating about surveillance video or stills**: **DEFERRED TO TRIAL**. An identification may be permitted if the government provides adequate foundation that the witness had substantial contact with the person in the video or stills, so as to give "reason to believe that the witness is more

likely to identify correctly the person than is the jury." *See United States v. LaPierre*, 998 F.2d 1460, 1465 (9th Cir. 1993).

20. **Hill's MIL No. 9 re government evidence from Hill's phone**: **GRANTED**. The government must provide its designations to defendants by January 3, 2023, at 12:00 p.m.

21. **Hill's MIL No. 10 re inadmissible government exhibits**: **DEFERRED TO TRIAL**. Hill's scattershot objections to scores of exhibits are presented in an uninformative spreadsheet. Dkt. No. 148-4. The Court cannot rule on these objections without basic information about what the exhibits contain and supporting argument. Consequently, the objections to the exhibits must be resolved on a case-by-case basis. To that end, Hill must renew any objections at trial.

22. **Hill's MIL No. 11 re untimely government exhibits**: **GRANTED IN PRINCIPLE**. See discussion of government's MIL No. 3 above.

23. **Svarda's MIL re "bad act" evidence**: **GRANTED**. See discussion of government's MIL No. 6 above.

V. **OTHER PRETRIAL MOTIONS**

1. **Hill's motion to sever trial from codefendant Svarda (Dkt. No. 145)**: **DENIED**. Hill requested a severance in advance of a ruling on the motion to suppress the second federal Google warrant. Dkt. No. 145 at 1-2. The Court denied suppression, Dkt. No. 161, and so Hill's primary concern that the government would negate suppression by using the evidence against Svarda is no longer an issue. The government is bound by representations to the Court that it will not introduce evidence from the state cellphone and Google warrants. *See* Dkt. No. 72; Dkt. No. 135 at 6-7 n.2. The government is precluded from introducing evidence obtained under the first federal Google warrant in light of the suppression order. Dkt. No. 113.

Hill's secondary concern that the government would introduce Svarda's jail calls and that these calls would incriminate Hill is also moot. The government has stated that it will not use Svarda's calls. Dkt. No. 162 at 2.

Hill's concerns about undue prejudice from Svarda's additional charges, or the relative strength of the government's case against Svarda, are also not a ground for severance. If these issues materialize, they may be effectively managed with limiting instructions to the jury.

Overall, there is not a "serious risk that a joint trial would compromise a specific trial right of [Hill's], or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *see also United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004).

2. **Hill's renewal of his first motion to suppress (Dkt. No. 149)**: **DENIED AS MOOT**. See discussion of Hill's motion to sever above.

VI.   **JURY INSTRUCTIONS AND VERDICT FORM**

1. **Proposed jury instructions**. As discussed with the parties, the following proposed jury instructions, *see* Dkt. No. 153, should be removed: instructions 16, 18, 19, 20, 21, 36, 37, and 39. Instruction 17, on stipulations of fact, should be revised to list the stipulated facts, as in the *Reynolds* case, No. 18-cr-158, Dkt. No. 207 at 22. The following trial stipulations, *see* Dkt. No. 158, should be included in the revised instruction: stipulations 1, 2, and 6.

2. **Preparation of preliminary and final jury instructions**. The parties are instructed to revise the jury instructions and file them by **January 3, 2023**, at **12:00 p.m.** The instructions should be filed separately as preliminary and final instructions. To the fullest extent possible, the preliminary instructions should copy the language and format in the *Kepke* case, No. 21-cr-155, Dkt. No. 169, and the final instructions should do the same with respect to the *Reynolds* case, 18-cr-158, Dkt. No. 207. The revised sets should include source notes, and parties must be sure to use the most recent publication of the Ninth Circuit's model criminal jury instructions. Microsoft Word versions of both sets must be emailed to the Court's jdpo email address. The parties will have an opportunity to comment on the final versions of these instructions before the Court reads them to the jury.

3. **Verdict form**. The proposed verdict form should be revised to be plain and simple, which it currently is not. *See* Dkt. No. 152. The parties are directed to the verdict form provided in *Reynolds*, No. 18-cr-158, Dkt. No. 206, as a guide for revisions. The parties must file the revised verdict form by **January 3, 2023**, at **12:00 p.m.**

**IT IS SO ORDERED.**

Dated: December 27, 2022

JAMES DONATO
United States District Judge